IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WYNTER WHITLEY, CHRISTOPHER KITCHO, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER M.L. HILL, OFFICER C.L. BROWN, SERGEANT S. DEAN, <br><br> Defendants. <br> _____ | CIVIL ACTION FILE NO. 1:16-cv-03192-LMM |

## NOTICE OF FILING OF ORIGINAL DISCOVERY

Please take notice that Defendants M.L. Hill, Officer C.L. Brown, and Sergeant S. Dean hereby file the following original discovery material with the Court:

- **DEFENDANTS M.L. HILL, C.L. BROWN, AND S. DEAN'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF CHRISTOPHER KITCHO**

1

Defendants M.L. Hill, Officer C.L. Brown, and Sergeant S. Dean's First Interrogatories and Requests for Production to Plaintiff Christopher Kitcho were served upon Plaintiff on March 8, 2017 by filing in the CM/ECF system.

This 8th day of March, 2017.

        Laura K. Johnson
        DEPUTY COUNTY ATTORNEY
        Georgia Bar No. 392090

        Kendric E. Smith
        SENIOR ASSISTANT COUNTY ATTORNEY
        Georgia Bar No. 661200

        */s/William K. Scott*
        William K. Scott
        ASSISTANT COUNTY ATTORNEY
        Georgia Bar No. 252892
        Attorneys for Defendants

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

Laura K. Johnson
Deputy County Attorney
lkjohnson@dekalbcountyga.gov
Kendric E. Smith
Senior Assistant County Attorney
kesmith@dekalbcountyga.gov
William K. Scott
Assistant County Attorney
wkscott@dekalbcountyga.gov

DeKalb County Law Department

1300 Commerce Drive, 5th Floor
Decatur, GA 30030
(404) 371-3011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **WYNTER WHITLEY, CHRISTOPHER KITCHO,**<br><br>        Plaintiffs,<br><br>v.<br><br>**OFFICER M.L. HILL, OFFICER C.L. BROWN, SERGEANT S. DEAN,**<br><br>        Defendants.<br>_____ | **CIVIL ACTION FILE NO. 1:16-cv-03192-LMM** |

## **CERTIFICATE OF SERVICE**

This is to certify that on this day, I electronically filed **NOTICE OF FILING OF ORIGINAL DISCOVERY** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing.

This is to further certify that the foregoing document was prepared using 14 pt Times New Roman font.

This 8th day of March, 2017.

*/s/ William K. Scott*
William K. Scott
ASSISTANT COUNTY ATTORNEY
Georgia Bar No. 252892

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WYNTER WHITLEY, CHRISTOPHER KITCHO, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER M.L. HILL, OFFICER C.L. BROWN, SERGEANT S. DEAN, <br><br> Defendants. | CIVIL ACTION FILE NO. 1:16-cv-03192-LMM |

## DEFENDANTS M.L. HILL, C.L. BROWN, AND S. DEAN'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF CHRISTOPHER KITCHO

COME NOW Defendants M.L. Hill, C.L. Brown, and S. Dean, (hereinafter collectively referred to as "Defendants"), named-defendants in the above-styled civil action, and propound these, its First Interrogatories and Requests for Production, upon the Plaintiff **CHRISTOPHER KITCHO** ("Plaintiff Kitcho"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure. These interrogatories are to be considered continuing in character. If, after answering, new or different

1

information comes to the attention of Plaintiff Kitcho, the Plaintiff Kitcho is under a continuing duty to supplement or amend the answers previously made.

## INSTRUCTIONS

(a) As to any answer or part thereof which Plaintiff Kitcho asserts is privileged or otherwise exempt from answer, Plaintiff Kitcho should identify the answer by date, party or person and state the grounds for asserting the privilege or exemption from answer.

(b) Each interrogatory solicits all information available to Plaintiff Kitcho, including information obtainable by Plaintiff Kitcho from Plaintiff Kitcho's present or former attorneys, actuaries or any and all other representatives of Plaintiff Kitcho.

(c) These interrogatories are to be answered in detail. If you cannot answer the interrogatory in full, answer to the extent possible and explain your inability to answer the remainder. If there is an objection to all or any part of the interrogatory, state the objections pertaining to the interrogatory and explain the entire basis for each objection.

## DEFINITIONS

1. "Plaintiff Kitcho" or "you," or any synonym thereof, as used herein means or refers to the Plaintiff **CHRISTOPHER KITCHO** and any other person

or persons acting on behalf of, or who have obtained information for or on behalf of Plaintiff Kitcho.

2. "Defendants" as used herein means M.L. Hill, C.L. Brown, and S. Dean.

3. "DeKalb County" as used herein means DeKalb County, Georgia, a political subdivision of the State of Georgia, and all of its departments, agencies, boards, divisions, agents, servants, employees, elected officers and representatives, executive and administrative officers, consultants, or any other persons or entities acting on behalf of DeKalb County, Georgia.

4. "Identify" as used herein to refer to a natural person means to state his or her full and complete name, home address, home telephone number, name and address of employer and position or job title with the employer.

5. "Identify" as used herein to refer to a document means to state the nature of the document (e.g., letter, memorandum to file, etc.), date of creation of the document and dates of any material modification or alteration of the document, author, addressee, title or caption, subject matter, meaningful summary of the contents and the present custodian(s) of the document and any and all copies, duplicates, photocopies, or facsimiles of the document, however, stored.

6.      "Identify" as used herein to refer to any entity other than a natural person means to state the name, business and mailing address, telephone number, a description of the nature of the entity (e.g., corporation, partnership, limited partnership, etc.) and any and all state or local governments where the entity is licensed to do business, whether by the incorporation, qualification as a foreign corporation, or otherwise. "Identify" further means to state the name, home address, business address and telephone numbers, and relationship to the entity of all shareholders, partners, owners, limited or general partners, officers and directors, or proprietors of the entity.

7.      "Document" as used herein means, without limitation, every writing or record of every type and description that is or has been in the Plaintiff Kitcho's possession, custody or control or of which Plaintiff Kitcho has knowledge, including, but not limited to, writings, reports, memoranda, books, magazines, newspapers, worksheets, correspondence, drafts, memoranda of meetings or conversations (whether by telephone or otherwise), stenographic or handwritten notes, federal and state tax returns and supporting schedules and documentation, accounting or other work papers, financial statements, studies, drawings, blueprints, graphs, charts, photographs (whether still or motion, including slides, negatives,

videotapes, compact disks, or any other form of visual reproduction), phone records, phono-tapes, computer tapes, disks, cards and printouts and other data compilation from which information can be obtained or translated, if necessary, by Defendants through detection devices into reasonably usable form, and any other recorded or graphic material in whatever form, including without limitation drafts, originals, reproductions, and all non-identical copies.

8. "Item" as used herein means any tangible object or thing of every type and description, other than a document as defined herein, that is or has been in Plaintiff Kitcho's possession, custody or control or of which Plaintiff Kitcho has knowledge.

9. "Person" as used herein means any individual, partnership, firm, corporation, division, business, proprietorship, association, governmental entity, agency, organization, or group of persons or other legal entity.

10. "Agent" or "Representative" as used herein means, without limitation, each person who was or is a director, officer, shareholder, partner, owner, employee, servant, member, independent contractor, subcontractor, consultant, investigator, attorney, division, department, subsidiary, or affiliated company, predecessor company, or any other person acting on behalf of or for the Plaintiff Kitcho.

11. Words used in the singular shall include and encompass the plural and words used in the plural shall include and encompass the singular.

12. "Or" as used herein shall be interpreted both conjunctively and disjunctively.

13. "Complaint" means the document filed by Plaintiff Kitcho in this matter on or about August 29, 2016 entitled "Complaint for Damages" and referenced in the Court's docket as Document 1.

14. "Incident" refers to the events that took place on August 29, 2014 at 3082 Briarcliff Rd., DeKalb County, Georgia.

## **INTERROGATORIES**

1.

Identify all persons consulted or relied upon for information to answer these interrogatories. For each interrogatory answer, identify all persons who supplied the information upon which the answer is based.

2.

Identify each document or thing you have in your possession or that you know is in the possession of others, which in any manner supports your claims, or which demonstrates, illustrates or otherwise pertains to facts relating to this case. If you

claim that any of the items identified in your answer to this Interrogatory are privileged, please indicate that fact and the basis for the claim of privilege.

3.

Other than the incidents outlined in your Complaint, state whether you have contacted or communicated with any current or former employee of DeKalb County or the DeKalb County Police Department concerning this lawsuit or its subject matter, and state with respect to each such person:

(a) the name, address, and telephone number last known to you for each such person; and

(b) the date and substance of each communication you had with each such person.

4.

Identify all persons who have investigated any aspect of the subject matter of this litigation on your behalf and indicate whether or not each such person has made a record of his or her investigation or any part thereof.

5.

State specifically each and every act that any individually named defendant did personally that gives rise to the claims asserted against them.

6.

Please identify any instances where you personally communicated with any individually named defendant about any of the facts or incidents giving rise to your claim since the incident occurred.

7.

Please state specifically what injuries, whether economic, physical, or otherwise, you are claiming you have suffered as a result of the incident involving Defendants.

8.

Do you contend that you lost any wages or earnings as the result of the incident forming the basis of this lawsuit? If so, please state:

    (a)    The periods of time lost from your employment;

    (b)    The occupation, job or professions from which said time was lost;

    (c)    The amount of earnings or wage lost; and

    (d)    The name, address, and telephone number of each of your employers.

9.

Have you filed any other citizen complaints against any other employee of the DeKalb County Police Department, or any other law enforcement agency? If so, please:

    (a) Provide the name of the law enforcement officer and/or the agency against whom you filed the complaint;

    (b) Provide the date when you filed the complaint;

    (c) Explain the nature of the complaint; and

    (d) Provide the resolution of the complaint.

10.

Have you ever been a party to any other civil lawsuits? If so, please:

    (a) Provide the court where the lawsuit is/was pending;

    (b) Provide whether you were the plaintiff or the defendant;

    (c) Provide the nature of the claim; and

    (d) Provide how the lawsuit was resolved.

11.

Identify each person that Plaintiff expects to call as an expert witness at any hearing or trial in this case; and for each such expert witness, state the subject

matter and substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion held by the expert.

12.

Please itemize all expenses and forms of damage for which Plaintiff is now seeking compensation in this case, naming the persons to whom expenses have been paid, or are payable, and the date each expense was incurred, and how each such expense relates to this lawsuit.

13.

Have you ever been employed by the Atlanta Police Department? If so, please:

(a) Provide the dates of your employment;

(b) Provide the name and contact information of your supervisor;

(c) Provide the name and contact information of the Lieutenant you called on the night of the incident;

(d) Provide the circumstances of the termination of your employment with the Atlanta Police Department

(e) Provide your job title and responsibilities as an employee of the Atlanta Police Department; and

(f) Provide the details of any discipline or complaints taken against you as an employee of the Atlanta Police Department.

14.

Did you keep any of your credentials, including your badge, as an Atlanta Police Department employee after you left the Atlanta Police Department? If so, do you still have them? If not, when did you lose possession of them and what were the circumstances of that loss of possession?

15.

Did you show an Atlanta Police Department credential or badge to any of the Defendants on the night of the incident? If so, was the credential or badge altered or damaged in any way? If the credential or badge was altered or damaged, what were the circumstances of such damage or alteration?

## REQUESTS FOR PRODUCTION

1.

All documents identified by Plaintiff in Plaintiff's Response to Defendants' First Interrogatories or reviewed or relied on in preparing Plaintiff's Response to Defendants' First Interrogatories.

2.

Any communications identified in response to Interrogatory 3 or Interrogatory 6 that exist in tangible form, including letter, email, fax, or any other medium.

3.

Any document supporting a contention in response to Interrogatory 8 that you lost earnings or wages as a result of the incident forming the basis of this lawsuit.

4.

Any document created or possessed by you related to any complaint identified in response to Interrogatory 9.

This 8th day of March, 2017.

Laura K. Johnson
DEPUTY COUNTY ATTORNEY
Georgia Bar No. 392090

Kendric E. Smith
SENIOR ASSISTANT COUNTY ATTORNEY
Georgia Bar No. 661200

*/s/ William K. Scott*
William K. Scott
ASSISTANT COUNTY ATTORNEY
Georgia Bar No. 252892
Attorneys for Defendants

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

Laura K. Johnson
Deputy County Attorney
lkjohnson@dekalbcountyga.gov

Kendric E. Smith
Senior Assistant County Attorney
kesmith@dekalbcountyga.gov

DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, GA 30030
(404) 371-3011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **WYNTER WHITLEY, CHRISTOPHER KITCHO,** <br><br> Plaintiffs, <br><br> v. <br><br> **OFFICER M.L. HILL, OFFICER C.L. BROWN, SERGEANT S. DEAN,** <br><br> Defendants. <br> _____ | **CIVIL ACTION FILE NO. 1:16-cv-03192-LMM** |

## **CERTIFICATE OF SERVICE**

This is to certify that on this day, I electronically filed **DEFENDANTS M.L. HILL, C.L. BROWN, AND S. DEAN'S FIRST INTERROGATORIES TO PLAINTIFF CHRISTOPHER KITCHO** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing.

This is to further certify that the foregoing document was prepared using 14 pt Times New Roman font.

This 8th day of March, 2017.

1

*/s/ William K. Scott*
William K. Scott
ASSISTANT COUNTY ATTORNEY
Georgia Bar No. 252892