IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **WYNTER WHITLEY,**<br>**CHRISTOPHER KITCHO,**<br><br>  Plaintiffs,<br><br>v.<br><br>**OFFICER M.L. HILL,**<br>**In his individual capacity,**<br>**OFFICER C.L. BROWN,**<br>**In his individual capacity,**<br>**SERGEANT S. DEAN,**<br> **in his individual capacity,**<br><br>  Defendants.<br>_____ | **CIVIL ACTION FILE NO.**<br>1:16-cv-03192-LMM |

### DEFENDANTS OFFICER M.L. HILL, OFFICER C.L. BROWN, and SGT S. DEAN'S ANSWERS AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES

COME NOW **Defendants M. L. HILL, C.L. BROWN, and S. DEAN** (hereafter "Defendant Hill", "Defendant Brown" and "Defendant Dean" or "Defendants") in the above-styled action, by and through counsel, and file this, their Answers and Defenses to Plaintiffs' Amended Complaint for Damages as follows:

### FIRST DEFENSE

Plaintiffs' Amended Complaint fails to state a claim or cause of action against Defendants under the laws or Constitution of the United States, the laws or

Constitution of the State of Georgia, or the ordinances of DeKalb County, Georgia; therefore it should be dismissed.

## SECOND DEFENSE

To the extent Plaintiffs' suit is brought against Defendants in their individual capacities, Defendants are entitled to qualified immunity.

## THIRD DEFENSE

To the extent Plaintiff has failed to timely file his Amended Complaint, some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

## FOURTH DEFENSE

Without waiving any of the foregoing defenses, but insisting and relying upon each of them, Defendants answer the specific paragraphs of Plaintiffs' Amended Complaint, as follows:

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiffs' Amended Complaint, and therefore deny the same.

2.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiffs' Amended Complaint, and therefore deny the same.

3.

Defendants admit the allegations in Paragraph 3 of Plaintiffs' Amended Complaint.

4.

Defendants admit the allegations in Paragraph 4 of Plaintiffs Amended Complaint.

5.

Defendants admit the allegations in Paragraph 5 of Plaintiffs' Amended Complaint.

6.

Defendants admit the allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint.

7.

Defendants admit the allegations in Paragraph 7 of Plaintiffs' Amended Complaint.

8.

Defendants admit the allegations in Paragraph 8 of Plaintiffs' Amended Complaint.

9.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiffs' Amended Complaint.

10.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiffs' Amended Complaint, and therefore deny the same.

11.

Defendants admit the allegations in Paragraph 11 of Plaintiffs' Amended Complaint.

12.

Defendant Hill admits that Plaintiffs walked past him as they exited the lounge. Defendant Hill denies the remaining allegations in Paragraph 12 of Plaintiffs' Amended Complaint. Defendants Brown and Dean are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiffs' Amended Complaint, and therefore deny the same.

13.

Defendant Hill admits the allegations in Paragraph 13 of Plaintiffs' Amended Complaint.  Defendants Brown and Dean are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiffs' Amended Complaint.

14.

Defendant Hill admits the allegations in Paragraph 14 of Plaintiffs' Amended Complaint. Defendants Brown and Dean are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiffs' Amended Complaint.

15.

Defendant Hill denies the allegations in Paragraph 15 of Plaintiffs' Amended Complaint.  Defendants Brown and Dean are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiffs' Amended Complaint, and therefore deny the same.

16.

Defendant Hill denies the allegations in Paragraph 16 of Plaintiffs' Amended Complaint.  Defendants Brown and Dean are without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiffs' Amended Complaint, and therefore deny the same.

17.

Defendant Hill admits that he informed Mr. Kitcho that he could be cited and/or arrested for having an open container of alcohol. Defendant Hill denies the remaining allegations in Paragraph 17 of Plaintiffs' Amended Complaint. Defendants Brown and Dean are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiffs' Amended Complaint, and therefore deny the same.

18.

Defendants deny the allegations in Paragraph 18 of Plaintiffs' Amended Complaint.

19.

Defendants deny the allegations in Paragraph 19 of Plaintiffs' Amended Complaint.

20.

Defendant Hill admits that Plaintiffs' companion intervened. Defendant Hill denies the remaining allegations in Paragraph 20 of Plaintiffs' Amended Complaint. Defendants Brown and Dean are without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 20 of Plaintiffs' Amended Complaint, and therefore deny the same.

21.

Defendant Hill denies the allegations in Paragraph 21 of Plaintiffs' Amended Complaint. Defendants Brown and Dean are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiffs' Amended Complaint, and therefore deny the same.

22.

Defendant Hill denies the allegations in Paragraph 22 of Plaintiffs' Amended Complaint. Defendants Brown and Dean are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiffs' Amended Complaint, and therefore deny the same.

23.

Defendant Hill admits that he grabbed Plaintiff Whitley's arm and placed her in handcuffs. Defendant Hill denies the remaining allegations in Paragraph 23 of Plaintiffs' Amended Complaint. Defendants Brown and Dean are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiffs' Amended Complaint, and therefore deny the same.

24.

Defendant Hill admits that he accused Plaintiff Whitley of committing an assault on a police officer. Defendant Hill denies the remaining allegations in Paragraph 24 of Plaintiffs' Amended Complaint. Defendants Brown and Dean are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiffs' Amended Complaint, and therefore deny the same.

25.

Defendants admit that Defendant Hill transported Plaintiff Whitley to the DeKalb County Jail. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of Plaintiffs' Amended Complaint, and therefore deny the same.

26.

Defendants admit that Officer Hill returned to the Aroma Lounge and spoke with Plaintiff Kitcho in the parking lot of Aroma Lounge and that Sergeant Dean and Officer Brown were on the scene. Defendants deny that any other officers with the DeKalb County Police Department arrived on the scene to speak with Plaintiff Kitcho.

27.

Defendants admit that Plaintiff Kitcho called his previous Lieutenant with the Atlanta Police Department.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of Plaintiffs' Amended Complaint, and therefore deny the same.

28.

Defendant Dean admits the allegations in Paragraph 28 of Plaintiffs' Amended Complaint.  Defendant Hill and Brown are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiffs' Amended Complaint, and therefore deny the same.

29.

Defendants admit the allegations in Paragraph 29 of Plaintiffs' Amended Complaint.

30.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiffs' Amended Complaint, and therefore deny the same.

31.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiffs' Amended Complaint, and therefore deny the same.

32.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiffs' Amended Complaint, and therefore deny the same.

33.

Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiffs' Amended Complaint, and therefore deny the same.

## COUNT I

**False Arrest under 42 U.S.C. § 1983
on behalf of Plaintiff Wynter Whitley against Officer Hill**

34.

Paragraph 34 of Plaintiffs' Amended Complaint consists of a legal conclusion and necessitates no response from Defendants.

35.

Defendants deny the allegations in Paragraph 35 of Plaintiffs' Amended Complaint.

36.

Defendants deny the allegations in Paragraph 36 of Plaintiffs' Amended Complaint.

37.

Defendants deny the allegations in Paragraph 37 of Plaintiffs' Amended Complaint.

38.

Defendants deny the allegations in Paragraph 38 of Plaintiffs' Amended Complaint.

39.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of Plaintiffs' Amended Complaint, and therefore deny the same.

## COUNT II

**False Arrest under 42 U.S.C. § 1983
on behalf of Plaintiff Christopher Kitcho against Officer Brown and Sgt. Dean**

40.

Paragraph 40 of Plaintiffs' Amended Complaint consists of a legal conclusion and necessitates no response from Defendants.

41.

Defendants admit the allegations in Paragraph 41 of Plaintiffs' Amended Complaint.

42.

Defendants admit the allegations in Paragraph 42 of Plaintiffs' Amended Complaint.

43.

Defendants admit that they observed and participated in the incident leading to Plaintiff Kitcho's arrest but deny that the arrest was illegal and deny all remaining allegations in Paragraph 43 of Plaintiffs' Amended Complaint.

44.

Defendants deny the allegations in Paragraph 44 of Plaintiffs' Amended Complaint.

45.

Defendants deny the allegations in Paragraph 45 of Plaintiffs' Amended Complaint.

46.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of Plaintiffs' Amended Complaint, and therefore deny the same.

### Count III

**Malicious Prosecution under 42 U.S.C. §1983 on behalf of Plaintiff Christopher Kitcho against Officer Brown and Sgt. Dean**

47.

Defendants admit the allegations in Paragraph 47 of Plaintiffs' Amended Complaint.

48.

Defendants deny the allegations in Paragraph 48 of Plaintiffs' Amended Complaint.

49.

Defendants admit that a magistrate judge issued a warrant for Plaintiff Kitcho's arrest based upon Officer Brown's affidavit, however, Defendants deny

that the affidavit was based on false statements and the remaining allegation in Paragraph 49 of Plaintiffs' Amended Complaint.

50.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of Plaintiffs' Amended Complaint, and therefore deny the same.

51.

In response to Plaintiffs' request for relief, Defendants admit that Plaintiffs have requested a jury trial but deny that Plaintiffs are entitled to any of the other relief requested, or to any relief whatsoever from Defendants.

52.

Except to the extent specifically admitted in this Answer, Defendants deny all allegations in Plaintiffs' Amended Complaint.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Defendants pray that:

(a)  Plaintiffs' Amended Complaint against Defendants be dismissed;

(b)  Judgment be entered in favor of Defendants;

(c) All costs be taxed against the Plaintiffs; and

(d) Any further relief that is just and appropriate be granted to Defendants.

Respectfully submitted this 15th day of June, 2017.

        LAURA K. JOHNSON
        Deputy County Attorney
        Georgia Bar No. 392090

        */s/ Kendric E. Smith*
        KENDRIC E. SMITH
        Supervising County Attorney
        Georgia Bar No. 661200

        */s/ Tiffany Harlow*
        TIFFANY B. HARLOW
        Assistant County Attorney
        Georgia Bar No. 141386

PLEASE ADDRESS ALL FUTURE
COMMUNICATIONS TO:

Laura K. Johnson
Deputy County Attorney
lkjohnson@dekalbcountyga.gov

Kendric E. Smith
Supervising County Attorney
ldcarlos@dekalbcountyga.gov

Tiffany B. Harlow
Assistant County Attorney
tbharlow@dekalbcountyga.gov

DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, GA 30030
(404) 371-3011
(404) 371-3024 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **WYNTER WHITLEY,**<br>**CHRISTOPHER KITCHO,**<br><br>    Plaintiffs,<br><br>v.<br><br>**OFFICER M.L. HILL,**<br>In his individual capacity,<br>**OFFICER C.L. BROWN,**<br>In his individual capacity,<br>**SERGEANT S. DEAN,**<br>in his individual capacity,<br><br>    Defendants.<br>_____ | **CIVIL ACTION FILE NO.**<br>1:16-cv-03192-LMM |

## CERTIFICATE OF SERVICE

This is to certify that on this day, I electronically filed **DEFENDANTS M L. HILL, OFFICER C.L. BROWN, and SERGEANT S. DEAN'S ANSWERS AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES** with the Clerk of Court using the CM/ECF system which will automatically generate an email notification for the following:

Jeffrey R. Filipovitis
Filipovits Law Firm, PC
2900 Chamblee-Tucker Road – Building 1
Atlanta, GA  30341

This is to further certify that the foregoing document was prepared using 14 pt Times New Roman font.

This 15th day of June, 2017.

                                            */s/ Tiffany B. Harlow*
                                            Tiffany Harlow
                                            Assistant County Attorney
                                            Georgia Bar No. 141386

DeKalb County Law Department
1300 Commerce Drive, 5th Floor
Decatur, GA 30030
(404) 371-3011
(404) 371-3024 (facsimile)